| | |
|---|---|
| 1 | John B. Sganga, Jr. (SBN 116,211) |
| | john.sganga@kmob.com |
| 2 | Steven J. Nataupsky (SBN 155,913) |
| | steven.nataupsky@kmob.com |
| 3 | Joseph S. Cianfrani (SBN 196,186) |
| | joe.cianfrani@kmob.com |
| 4 | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| | 2040 Main Street, Fourteenth Floor |
| 5 | Irvine, CA 92614 |
| | Telephone: 949-760-0404/Facsimile: 949-760-9502 |
| 6 | |
| | John W. Holcomb (Bar No. 172,121) |
| 7 | john.holcomb@kmob.com |
| | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| 8 | 3403 Tenth Street, Suite 700 |
| | Riverside, CA 92501 |
| 9 | Telephone: 951-781-9231/Facsimile: 949-760-9502 |
| 10 | Attorneys for Plaintiff HANSEN BEVERAGE COMPANY |
| 11 | |
| | Brendan W. Brandt |
| 12 | bwb@varnerbrandt.com |
| | Kristen R. Olsen |
| 13 | kro@varnerbrandt.com |
| | VARNER & BRANDT LLP |
| 14 | 3750 University Ave., Suite 610 |
| | Riverside, CA 92501 |
| 15 | Telephone: 909-274-7777/Facsimile: 951-274-7770 |
| 16 | Attorneys for Defendants N2G Distributing, Inc., and Alpha Performance Labs |

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HANSEN BEVERAGE COMPANY, a Delaware corporation, doing business as MONSTER BEVERAGE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> N2G DISTRIBUTING, INC., a California corporation, and ALPHA PERFORMANCE LABS, a Nevada corporation, <br><br> Defendants. | Civil Action No. EDCV08-0357 R (CTx) <br><br> **STIPULATED PRELIMINARY INJUNCTION AND ORDER THEREON** <br><br> Hon. Manuel L. Real |

WHEREAS the MONSTER ENERGY® drinks of Plaintiff HANSEN BEVERAGE COMPANY ("Hansen"), which are depicted below, have consistently been sold bearing the trademark MONSTER and the registered trademark MONSTER ENERGY® ("the MONSTER Marks");



WHEREAS Hansen has distributed its original MONSTER ENERGY® drinks in the trade dress shown above having a black background, a bright green accent color, a claw-like "M" and the word MONSTER printed in white in a unique edgy font style ("the MONSTER Trade Dress");

WHEREAS Defendants N2G DISTRIBUTING, INC. and ALPHA PERFORMANCE LABS (jointly, "Defendants") have distributed a product called "Monster Energy Shot" in the packaging and display shown below:

 

WHEREAS Hansen has filed a Complaint for, *inter alia*, trademark infringement, trade dress infringement, and unfair competition in the United States District Court for the Central District of California;

WHEREAS, the parties have previously stipulated to a Temporary Restraining Order ("TRO"), entered by the Court on March 27, 2008;

WHEREAS the Court has scheduled a hearing on May 27, 2008 to address whether a preliminary and/or permanent injunction should issue in this case;

WHEREAS the Parties have been involved in settlement discussions and are hopeful of settling the matter on mutually-acceptable terms, are prepared to hold a Rule 26(f) meeting of counsel pursuant to the Court's April 11, 2008 Order Re: Notice to Counsel, and intend to engage in limited discovery directed to the extent of Defendants' sale and/or distribution of the accused products; and

WHEREAS the Parties desire, and hereby STIPULATE, to conversion of the TRO to a Preliminary Injunction in view of the stipulated findings and on the terms set forth below, and that the hearing presently set for May 27, 2008 may be taken off calendar:

1. The MONSTER ENERGY® can prominently displays Hansen's MONSTER Marks, and it features the combination of a black background with a green accent color, a clawed-out green "M" symbol, and the word MONSTER in white lettering in a unique stylized font ("the MONSTER Trade Dress"). The MONSTER Marks and the trade dress of the MONSTER ENERGY® drinks have developed into identifiers of Hansen's energy drinks.

2. Hansen's MONSTER ENERGY® drinks have been extremely successful, and Hansen's promotion and sale of those products have resulted in widespread consumer recognition of Hansen's MONSTER Marks and MONSTER Trade Dress as identifiers of Hansen and its MONSTER ENERGY® drinks.

3. Hansen has developed strong rights in its MONSTER Marks and MONSTER Trade Dress, which are the focus of its extensive and continuous advertising and promotional campaigns primarily focusing on its MONSTER Marks and its MONSTER Trade Dress.

4. As a result of Hansen's extensive advertising and publicity, consumers recognize the MONSTER Marks and MONSTER Trade Dress and associate them with Hansen and its MONSTER ENERGY® drinks.

5. Hansen is also the owner of a federal trademark registration for MONSTER ENERGY® (No. 3,057,061). This registration is *prima facie* evidence of Hansen's trademark rights in MONSTER ENERGY®.

6. Hansen's MONSTER Marks are inherently distinctive because they are an arbitrary and fanciful name for an energy drink and do not in any way describe the drinks themselves.

7. The MONSTER Trade Dress is similarly inherently distinctive. The MONSTER Trade Dress is also non-functional. The graphics on the MONSTER cans are not important to the use or purpose of the drink, and exclusive use of the MONSTER Trade Dress by Hansen would not put any of its competitors at a significant, non-reputation related disadvantage.

8. Hansen's MONSTER Marks and MONSTER Trade Dress have acquired secondary meaning because the public associates the marks and trade dress with Hansen and its MONSTER ENERGY® drinks.

9. Hansen has demonstrated a sufficient likelihood of success on the merits of its claims to support entry of a preliminary injunction in this matter.

10. Weighing the parties' relative hardships in this case further supports the grant of preliminary relief. Defendants have only recently released their "Monster Energy Shot" drinks, and a preliminary injunction simply maintains the *status quo*.

*1*        11.    Hansen would be irreparably harmed if a preliminary injunction did not issue.

*2*        12.    A preliminary injunction is also in the public interest, as it will protect consumers from confusion.

Accordingly, based upon the above findings and conclusions, and good cause having been shown, the Court hereby **ORDERS** that:

a) Defendants, their parents, subsidiaries, affiliates, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order are hereby enjoined from manufacturing, distributing, shipping, advertising, marketing, promoting, transferring, selling, or offering to sell any energy drink product (including Defendants' "Monster Energy Shot" product) that either: (a) uses the MONSTER Marks; or (b) uses marks that are confusingly similar to the MONSTER Marks.

b) Defendants, their parents, subsidiaries, affiliates, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order are hereby enjoined from manufacturing, distributing, shipping, advertising, marketing, promoting, transferring, selling or offering to sell any energy drink product (including Defendants' "Monster Energy Shot" product) that is packaged in containers that have an appearance the same as that shown below, or that are packaged in containers that are confusingly similar to the MONSTER Trade Dress:




c) Defendants, their parents, subsidiaries, affiliates, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order shall continue to use commercially reasonable efforts as necessary to recall from each of their customers, distributors and retailers any energy drink, nutritional supplement, advertisement or other promotional material that was sold, transferred or otherwise distributed by them that uses the MONSTER Marks or that use marks confusingly similar to the MONSTER Marks.

d) Defendants, their parents, subsidiaries, affiliates, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order shall continue to use commercially reasonable efforts as necessary to recall from each of their customers, distributors and retailers any energy drink, nutritional supplement, advertisement or other promotional material that was sold, transferred or otherwise distributed by them in a package

*1*          having an appearance as pictured above, or in a package having a trade

*2*          dress that is confusingly similar to the MONSTER Trade Dress.

*3*    e) Defendants, their parents, subsidiaries, affiliates, officers, agents,

*4*          servants, employees, attorneys, and those persons in active concert or

*5*          participation with them who receive actual notice of this Order shall

*6*          refrain from representing that any of the products they manufacture or

*7*          distribute are made by, authorized by, or otherwise affiliated with Hansen

*8*          or Monster Beverage Co., or from otherwise unfairly competing with

*9*          Hansen and/or its subsidiaries in any manner whatsoever.

*10*    f) Defendants shall submit to the Court for *in camera* review and serve upon

*11*          Hansen's counsel within two weeks after entry of this Order a report, in

*12*          writing and under oath, describing in detail the actions taken by

*13*          Defendants to comply with the requirements of this Order. Such report

*14*          shall include an accounting of the number of Defendants' "Monster

*15*          Energy Shot" products manufactured, distributed and/or sold, the

*16* / / /

*17* / / /

*18* / / /

*19* / / /

*20* / / /

*21* / / /

*22* / / /

*23* / / /

*24* / / /

*25* / / /

*26* / / /

*27* / / /

*28* / / /

geographic locations of any distributions or sales, the number of products returned, and the number of products remaining in Defendants' inventory.

**IT IS SO STIPULATED.**

                KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:_____  By: _____
                      John B. Sganga, Jr.
                      Steven J. Nataupsky
                      Joseph S. Cianfrani
                      Attorneys for Plaintiff HANSEN BEVERAGE COMPANY

VARNER & BRANDT LLP

Dated:_____  By: _____
                      Brendan W. Brandt
                      Kristen R. Olsen
                      Attorneys for Defendants N2G DISTRIBUTING, INC. and ALPHA PERFORMANCE LABS

### **ORDER**

**IT IS SO ORDERED.**

Dated: May 27, 2008_____  By:_____
                      UNITED STATES DISTRICT JUDGE

5376117
051908