1  John B. Sganga, Jr. (Bar No. 116211)  **ENTER   JS6**
   john.sganga@kmob.com
2  Steven J. Nataupsky (Bar No. 155913)
   steven.nataupsky@kmob.com
3  Joseph S. Cianfrani (Bar No. 196186)
   joe.cianfrani@kmob.com
4  KNOBBE, MARTENS, OLSON & BEAR, LLP
   2040 Main Street, Fourteenth Floor
5  Irvine, CA  92614
   Telephone:  949-760-0404/Facsimile:  949-760-9502
6
   John W. Holcomb (Bar No. 172121)
7  john.holcomb@kmob.com
   KNOBBE, MARTENS, OLSON & BEAR, LLP
8  3403 Tenth Street, Suite 700
   Riverside, CA  92501
9  Telephone:  951-781-9231/Facsimile:  949-760-9502

10 Attorneys for Plaintiff HANSEN BEVERAGE
   COMPANY
11
   Karin G. Pagnanelli (Bar No. 174763)
12 kgp@msk.com
   MITCHELL SILBERBERG & KNUPP LLP
13 1137 West Olympic Blvd.
   Los Angeles, CA  90064-1683
14 Telephone:  310-312-2000/Facsimile:  310-312-3786

15 Attorneys for Defendants N2G DISTRIBUTING, INC.,
   and ALPHA PERFORMANCE LABS

16

17              IN THE UNITED STATES DISTRICT COURT

18              FOR THE CENTRAL DISTRICT OF CALIFORNIA

19                         WESTERN DIVISION

20 | HANSEN BEVERAGE COMPANY,              ) Civil Action No.
   | a Delaware corporation, doing          ) EDCV08-0357 R (CTx)
21 | business as MONSTER BEVERAGE          )
   | COMPANY,                               )
22 |                                        ) **[PROPOSED] FINAL CONSENT**
   |             Plaintiff,                 ) **JUDGMENT AND PERMANENT**
23 |                                        ) **INJUNCTION; ORDER FOR**
   |       v.                               ) **ARBITRATION OF DAMAGES**
24 |                                        ) **AND ATTORNEY FEES ISSUES**
   | N2G DISTRIBUTING, INC., a              )
25 | California corporation, and ALPHA      )
   | PERFORMANCE LABS, a Nevada             ) Hon. Manuel L. Real
26 | corporation,                           )
   |                                        )
27 |             Defendants.                )
   |                                        )
28

This case having come before this Court upon the pleadings, and it being represented to the Court that Plaintiff Hansen Beverage Company ("Hansen"), and N2G Distributing, Inc. ("N2G"), and Alpha Performance Labs ("Alpha") (collectively, "Defendants"), have stipulated to the issues recited herein, IT IS HEREBY ORDERED ADJUDICATED AND DECREED THAT:

1. This Court has subject matter jurisdiction over this action as well as personal jurisdiction over the parties.

2. Venue is proper in this judicial district.

3. Hansen is the owner of the following United States Trademark Registrations:

| Mark | Registration No. | Registration Date |
| --- | --- | --- |
| MONSTER ENERGY | 3,044,315 | January 17, 2006 |
| M MONSTER ENERGY | 3,044,314 | January 17, 2006 |
| M MONSTER ENERGY | 3,134,842 | August 29, 2006 |
| M MONSTER ENERGY AND DESIGN | 3,134,841 | August 29, 2006 |
| MONSTER ENERGY | 3,057,061 | February 7, 2006 |

4. Hansen has also developed strong common law rights in the marks MONSTER and MONSTER ENERGY used in connection with energy drinks (hereinafter the registered marks and the common law marks are collectively referred to as "the MONSTER Marks")

5. Hansen is the owner of the trade dress rights in the packaging shown below, which includes the combination of a black background with a green accent color, a clawed-out green "M" symbol, and the word MONSTER in white lettering in a unique stylized font ("the MONSTER Trade Dress") and has developed strong common law rights in the MONSTER Trade Dress used in connection with energy drinks.



6. Hansen's MONSTER Marks and MONSTER Trade Dress are valid and enforceable.

7. Defendants have promoted, sold and distributed a product called "Extreme Monster Energy Shot" in the packaging and display shown below (hereinafter "Enjoined Product"):

 

8. Defendants' promotion and sale of the Enjoined Product has caused confusion with Hansen's MONSTER Marks and MONSTER Trade Dress and is likely to continue to confuse consumers as to the source of the Enjoined

Product, in violation of 15 U.S.C. § 1114, 15 U.S.C. § 1125(a), California Business & Professions Code § 17200 *et seq.* and California common law.

9. Defendants' promotion and sale of the Enjoined Product has caused dilution of Defendants' MONSTER Marks and MONSTER Trade Dress and is likely to continue to cause such dilution in violation of 15 U.S.C. § 1125(c) and California law.

10. Defendants' promotion and sale of the Enjoined Product constitutes unfair competition in violation of California Business & Professions Code § 17200 *et seq.* and California common law.

11. Defendants, their parents, subsidiaries, affiliates, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order are hereby permanently restrained from:

    (a) manufacturing, using, displaying, distributing, shipping, advertising, marketing, promoting, transferring, importing, selling, or offering to sell any beverage (including the Enjoined Product) that either: (i) uses the MONSTER Marks; or ii) uses marks that are confusingly similar to the MONSTER Marks;

    (b) manufacturing, using, displaying, distributing, shipping, advertising, marketing, promoting, transferring, importing, selling or offering to sell any beverage (including the Enjoined Product) that is packaged in containers having an appearance the same as the Enjoined Product, or that are packaged in any other containers that are confusingly similar to the MONSTER Trade Dress;

    (c) stating or representing that any of the products they manufacture, sell or distribute are made by, authorized by, or otherwise affiliated with Hansen or Monster Beverage Co.;

/ / /

*1*  (d) objecting to, contesting or challenging Hansen's use and/or
*2*     registration of the MONSTER Marks and/or MONSTER Trade
*3*     Dress;
*4*  (e) assisting, aiding or abetting any other entity or person in engaging
*5*     in or performing any of the activities referred to in paragraphs (a)-
*6*     (e) above.

*7*   12.   Within thirty (30) days of the date of this Order, Defendants shall *8* deliver to Hansen's counsel for destruction any and all remaining inventory of *9* Enjoined Products, and products or promotional material using or bearing the *10* MONSTER Marks and/or MONSTER Trade Dress or using or bearing names or *11* packaging confusingly similar to the MONSTER Marks and/or MONSTER *12* Trade Dress.

*13*   13.   Final Judgment is hereby entered in favor of Hansen on all causes *14* of action.

*15*   14.   The parties affirmatively waive any and all rights to appeal this *16* Final Consent Judgment and Permanent Injunction.

*17*   15.   Defendants are further required to comply with the provisions of *18* the Stipulated Preliminary Injunction entered by the Court on May 27, 2008.

*19*   16.   The parties are hereby ordered to submit to arbitration within 30 *20* days of the date of this Order on all issues relating to monetary recovery arising *21* out of Hansen's claims, including damages suffered by Hansen (including *22* enhanced and/or punitive damages), if any, Defendants' alleged willfulness, and *23* Hansen's alleged entitlement to reimbursement of Hansen's attorney fees.

*24*   17.   The trial date set for July 8, 2008, is hereby vacated and all claims *25* and defenses other than those on which Final Judgment has been granted *26* pursuant to paragraph 13 above, are hereby dismissed, with prejudice, subject to *27* the Order for arbitration of the issues relating to potential monetary recovery *28* arising out of Hansen's claims.

18. The Court retains jurisdiction over this Final Consent Judgment and Permanent Injunction for the purpose of ensuring compliance with the terms hereof.

**IT IS SO ORDERED:**

Dated: June 17, 2008

_____
UNITED STATES DISTRICT JUDGE

5533863
061608

-5-